# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DBEST PRODUCTS, INC., | Case No. CV 25-4625 FMO (PDx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| HUNANSANTANG INTERNATIONAL TRADE COMPANY, LTD., | |
| Defendant. | |

Plaintiff filed this action on May 21, 2025. (See Dkt. 1, Complaint). By Order dated August 8, 2025, plaintiff was ordered to show cause, on or before August 15, 2025, why this action should not be dismissed for lack of prosecution. (See Dkt. 16, Court's Order of August 8, 2025). Plaintiff filed a Response to the OSC on August 15, 2025, requesting an additional 30 days to either accomplish service on defendant or move under Fed. R. Civ. P. 4(f) for service by other means. (See Dkt. 17, Response).

On October 23, 2025, more than 60 days after plaintiff requested the 30-day extension of time to effect service, the court issued a subsequent order giving plaintiff one final opportunity to effect service. (See Dkt. 18, Court's Order of October 23, 2025). The court ordered plaintiff to serve defendant no later than November 5, 2025, and to file a proof of service no later than November 7, 2025. (Id. at ¶ 1). Plaintiff was admonished that failure to do so would "result in the action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or

failure to comply with the orders of the court." (Id. at ¶ 2).  As of the filing date of this Order, plaintiff has not filed any proof of service, or otherwise responded to the Court's order of October 23, 2025.  (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b), the Court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and the factors outlined in Henderson, 779 F.2d at 1423, the court finds that plaintiff's failure to timely effect service and comply with the Court's Order to Show Cause issued on October 23, 2025 (Dkt. 18) warrants dismissal of this action without prejudice.

Based on the foregoing, IT IS ORDERED THAT judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 5th day of December, 2025.

/s/
Fernando M. Olguin
United States District Judge